NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JERMAINE MITCHELL, :
: Civ. No. 24-8109 (RMB)
Petitioner :
:
v. : **OPINION**
:
WARDEN, F.C.I. FORT DIX, :
:
Respondent :

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

*Pro Se* Petitioner Jermaine Mitchell ("Petitioner"), a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., Dkt. No. 1), collaterally attacking his conviction and sentence imposed on February 15, 2017, by the United States District Court, District of Maine. *See United States v. Benton, et al.*, Criminal Action No. 1:15-cr-00040-JAW-3 (D. Me).[1] This is Petitioner's second challenge to his conviction and sentence in a habeas petition under 28 U.S.C. § 2241. *See Mitchell v. United States*, Civ. Action No. 23-13003 (RMB) (D.N.J.)  For the reasons discussed below, the Court will dismiss the petition for lack of jurisdiction.

I.   THE PETITION

Petitioner challenges his conviction, upon a finding of guilt after trial by jury,

---

[1] Available at Public Access to Court Electronic Records, www.pacer.gov.  The Court will cite the docket as "Crim. Action No. 15-40."

for violating 18 U.S.C. § 846, §§ 841(a), 841(b)(1)(A), conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base.  (Crim. Action No. 15-40, Dkt. No. 520.)  Petitioner alleges he "recently discovered that he was never informed of the nature and cause of the accusations against him, specifically how the alleged conduct constituted a violation of the law, both in the indictment and during court proceedings."  (Pet., Dkt. No. 1 at 1.)  Petitioner does not explain his "recent discovery" or the alleged defects in his indictment and court proceedings.

Petitioner contends that 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his conviction because he did not discover the constitutional error until one-year after the statute of limitations expired.  (*Id.* at 2.)  Finally, Petitioner contends the Supreme Court, in *Jones v. Hendrix*, 599 U.S. 465 (2023), did not preclude use of the § 2255(e) saving clause to assert a fundamental constitutional error in a § 2241 petition.  (*Id.* at 3.)

## II.   BACKGROUND

Upon the jury's finding of Petitioner's guilt on drug charges, on February 15, 2017, the Honorable John A. Woodcock Jr. entered judgment and imposed a 260-month sentence.  (*Id.*, Dkt. No. 691.)  Petitioner appealed (Dkt. No. 693), and on September 11, 2018, the First Circuit Court of Appeals affirmed the conviction and sentence.  (*Id.*, Dkt. Nos. 744-45.)  On April 29, 2019, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  (*Id.*, Dkt. No. 764.)  On May 19, 2020, Petitioner's § 2255 motion was denied.  (*Id.*, Dkt. No. 819.)

Petitioner appealed, and on April 22, 2021, the First Circuit Court of Appeals determined that Petitioner was not entitled to a certificate of appealability and dismissed his appeal. (*Id.*, Dkt. No. 858.) On December 14, 2023, Petitioner filed a Rule 60(b)(4) motion to void judgment of the order denying his § 2255 motion. (*Id.*, Dkt. No. 917.) On January 29, 2024, Judge Woodcock denied Petitioner's Rule 60(b)(4) motion, which challenged his conviction based on an alleged defect in his indictment. (*Id.*, Dkt. No. 920.) Petitioner appealed. (*Id.*, Dkt. No. 924.) On June 11, 2024, the First Circuit Court of Appeals affirmed the District Court's denial of the Rule 60(b)(4) motion, and declined to construe Petitioner's request for a certificate of appealability as an application for leave to file a second or successive § 2255 motion because he did not satisfy the standard in § 2255(h). (*Id.*, Dkt. No. 931.)

## II. DISCUSSION

This matter is before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition.

"Congress created § 2255 as a separate remedial vehicle specifically designed

---

[2] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

for federal prisoners' collateral attacks on their sentences." *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (citation omitted). The sole legislative purpose was to reroute federal prisoners' collateral attacks to their sentencing courts, based on serious administrative problems with determining § 2241 habeas petitions in federal prisoners' districts of confinement. *Id.* at 473-74. Congress, however, preserved the habeas remedy under § 2241 with the saving clause of § 2255(e), for situations where "the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention." *Id.* at 474 (quoting § 2255(e)). The second or successive provisions in § 2255(h) provide the only bases for federal prisoners to bring second or successive collateral attacks on their convictions and sentences. *Id.* at 480. If a collateral attack does not fit within those provisions, the federal prisoner may not bring the claim at all. *Id.* "Due process does not guarantee … the opportunity to have legal issues redetermined in successive collateral attacks on a final sentence." *Id.* at 487.

Therefore, this Court lacks jurisdiction under § 2241 over Petitioner's collateral attack on his conviction and sentence, which this Court construes as a second or successive § 2255 motion. Because the petition does not appear to assert "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" under § 2255(h)(2), this Court will not transfer the petition to the First Circuit Court of Appeals for a determination of whether the petition may proceed as a second or successive § 2255 motion.

## III.   Certificate of Appealability

A petitioner must be granted a certificate of appealability before "an appeal may [] be taken to the court of appeals from-- … the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). Before a certificate of appealability may issue, the petitioner must make a "substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not this Court's decision that it lacks jurisdiction under § 2241 over Petitioner's collateral attack on his conviction and sentence debatable. Therefore, the Court will not issue a certificate of appealability.

### IV.   CONCLUSION

For the reasons discussed above, the Court will dismiss the § 2241 petition for lack of jurisdiction.

An appropriate order follows.

**Dated:   October 11, 2024**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**
